**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| LADON SHIVER, | * | |
| | * | |
| Petitioner, | * | CASE NO. 4:10-CV-90079 (CDL) |
| vs. | * | F.R.C.P. 60(b) |
| | * | CASE NO. 4:01-CR-30 (CDL) |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Petitioner Shiver was indicted in this court on June 28, 2001, for the offense of bank robbery in two counts in violation of 18 U.S.C. § 2113(a) and (d). Petitioner and his counsel entered into plea negotiations with the Government, which ultimately resulted in a written Plea Agreement (R. 20) and Petitioner's plea of guilty as charged in the indictment. Petitioner's guilty plea was accepted by the court on August 30, 2001 (R. 22), and Petitioner was sentenced on January 31, 2002, to a term of imprisonment of 168 months on counts one and two, to be served concurrently, to be followed by five years supervised release. (R. 28). Petitioner Shiver timely filed a Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 in this court on June 18, 2003 (R. 38), which was granted for re-sentencing on May 18, 2004, to 96 months of incarceration each on counts one and two to be served concurrently, to be followed by three years supervised release and payment of $9,372 in restitution. (R. 74).

On February 28, 2005, Petitioner filed what was deemed a second Motion to Vacate, wherein he sought "credit for prior custody." (R. 77). The Respondent filed a Motion to Dismiss (R. 80), to which the Petitioner failed to respond. The court determined that Petitioner failed to exhaust his available administrative remedies and granted Respondent's Motion to Dismiss on May 16, 2005. (R. 82).

On June 2, 2009, the Government filed a Petition for Action on Supervised Release in this case seeking a warrant for the arrest of Petitioner for violating the terms of said release. (R. 85). Petitioner filed an "Objection to Revocation of Supervised Release" on January 11, 2010 (R. 92), and on May 6, 2010, Petitioner filed the instant Motion to Vacate. (R. 94). In that Motion to Vacate, Petitioner contended that the plea agreement in his case was vague and that he was not informed at the time that he pled guilty in this court that he could receive supervised release. (R. 94).

A Report and Recommendation was filed, wherein the court determined that Petitioner Shiver's Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 was time-barred by the AEDPA one-year period of limitations. (R. 96). Following the filing of the Report and Recommendation, Petitioner filed a Motion to Voluntarily Dismiss his § 2255 petition, as well as an Amended Motion to Dismiss the same, which was granted by the court on June 28, 2010. Petitioner also filed a Motion for Leave to file a Rule 60(b) Motion (R. 98) on June 7, 2010, wherein he sets out his actual Rule 60(b) claims, and filed a second Motion for Leave to file a Rule 60(b) on June 30, 2010 (R. 102).

## DISCUSSION

"Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (per curiam). While the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which places various restrictions on habeas petitions, "did not expressly circumscribe the operation of Rule 60(b)," *Gonzales v. Crosby*, 545 U.S. 524, 529 (2007), the rule applies to habeas corpus proceedings only "to the extent that [it is] not inconsistent with" other federal statutory provisions and rules, 28 U.S.C. § 2254 Rule 12. Thus, the AEDPA "foreclose[s]

application of [Rule 60] where it would be inconsistent with the restrictions imposed on successive petitions by the AEDPA." *Williams*, 510 F.3d at 1293.

The plain text of F.R.C.P. 60(b) requires that relief be sought within a reasonable time and specifies that relief sought under F.R.C.P. 60 (b) (1), (2), and (3) be filed no more than one year after the entry of the judgment or order or date of the proceeding from which relief is sought. F.R.C.P. 60(c) (1). Although Petitioner failed to specify in his motions which particular subsection of F.R.C.P. 60 (b) he intended to proceed under, it is evident from a reading of his motions that he seeks relief under either F.R.C.P. 60(b)(1) or (3). (R. 98, 102). Regardless of which of the two subsections is applied to his motions seeking relief, Petitioner is, in either event, time-barred. Construing the record in the case to determine the *latest possible date* from which the one year limitation could be applied, more than one year has elapsed.

As noted above, the record reveals that after a resentencing hearing on May 18, 2004, Petitioner's original judgment and sentence was substantially reduced but the complained of provisions for a period of supervised release were included. (R. 74). Petitioner filed a direct appeal on May 19, 2004, which was dismissed by the United States Court of Appeals for th Eleventh Circuit in an order of June 22, 2004, due to Petitioner's voluntary dismissal of his direct appeal. The order of dismissal by the Eleventh Circuit was then made the judgment and order of the district court on June 28, 2004. (R. 76). Therefore, when Petitioner filed his two motions herein on June 7 and June 30, 2010 more than one year had elapsed. As such, Petitioner's Rule 60(b) motions are untimely and should be dismissed.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Shiver's Rule 60(b) motion be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner and/or the Government may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN

FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 23rd day of July 2010.

       **S/ STEPHEN HYLES**
       **UNITED STATES MAGISTRATE JUDGE**

lws